# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TEXAS
# MIDLAND-ODESSA DIVISION

| | | |
|---|---|---|
| IN RE: ORDER FOR FORECLOSURE § | | |
| CONCERNING 18014 ODESSA PIT 7 § | | |
| FINAL COVER ODESSA, TEXAS 79761 § | | |
| UNDER TEX. R. CIV. P. 736 § | | |
| § | | |
| ENVIRONMENTAL INDUSTRIAL § | CIVIL ACTION NO. 7:22-cv-43 | |
| SERVICES GROUP, LLC, § | | |
|     *Petitioner,* § | | |
| § | | |
| v. § | | |
| § | | |
| REPUBLIC SERVICES, INC. § | | |
|     *Respondent.* § | | |

## NOTICE OF REMOVAL

TO THE HONORABLE JUDGE OF THIS COURT:

Pursuant to 28 U.S.C. Sections 1441 and 1446, Respondent Republic Services, Inc. ("Republic") files this Notice of Removal to remove the above-styled action in the 70th Judicial District Court of Ector County, Texas (the "state court action") under cause number 22-01-0094-CV to the United States District Court for the Western District of Texas, Midland-Odessa Division.

## NATURE OF THE ACTION

1.    Petitioner, Environmental Industrial Services Group, LLC ("EISG") filed the state court action to initiate expedited proceedings pursuant to Texas Rule of Civil Procedure 736 to foreclose on a constitutional lien EISG claims to possess on the real property located at 18014 Odessa Pit 7 Final Cover, Odessa, Texas 79761 ("Odessa TRD Facility"). Republic denies ownership of the property in question, denies EISG possesses any such lien, and denies that Rule 736 is even the proper vehicle to foreclose a constitutional lien—which may only be foreclosed on judgment of a court of competent jurisdiction foreclosing the lien and ordering the sale of the

1795875

property subject to the lien. Tex. Prop. Code § 53.154; Tex. R. Civ. P. 735.3. Regardless, Republic intends to assert a challenge to this Court's exercise of personal jurisdiction over it to hear this dispute and does not waive its right to do so by filing this Notice of Removal.

## PROCEDURAL HISTORY

2.  EISG executed an affidavit claiming a constitutional lien on the Odessa TRD Facility on October 7, 2021. It filed the state court action seeking an order foreclosing on the lien pursuant to Texas Rule of Civil Procedure 736 on January 24, 2022. Pursuant to 28 U.S.C. Section 1446(a), true and correct copies of all process, pleadings, and orders served on Republic in the state court action are attached hereto collectively as Exhibit A. The docket sheet in the state court action is attached hereto as Exhibit B, and a listing of all counsel of record is attached hereto as Exhibit C.

## VENUE

3.  Venue is proper in this District and Division pursuant to 28 U.S.C. Section 1441(a), which permits removal to "the district court of the United States for the district and division embracing the place where [the state action] is pending."

## TIMELINESS OF REMOVAL

4.  Removal of this matter on this 25th day of February, 2022 is timely. Republic was served with a citation enclosing a copy of the initial pleading in the state court action on January 28, 2022. Pursuant to 28 U.S.C. Section 1446(a), this Notice of Removal is therefore required to be filed on or before February 28, 2022. Fed. R. Civ. P. 6(a)(1)(C). The state court action has been pending for less than one year as required by 28 U.S.C. Section 1446(c).

## GROUNDS FOR REMOVAL:  DIVERSITY JURISDICTION

5. Removal may be effected for any civil action brought in state court over which the district courts of the United States have original jurisdiction.  28 U.S.C. § 1441(a).  This Court has original jurisdiction over this matter pursuant to 28 U.S.C. Section 1332(a)(1) because the amount in controversy exceeds $75,000, exclusive of interests and costs, and is between citizens of different states.

6. EISG is a domestic for-profit corporation organized under the laws of the State of Texas with its principal place of business in Texas.  Republic is a foreign for-profit corporation organized under the laws of Delaware with its principal place of business in Arizona.  Accordingly, EISG is a citizen of the State of Texas, and Republic is a citizen of the States of Delaware and Arizona.  28 U.S.C. § 1332(c)(1).  Because neither party is a citizen of the same state, complete diversity exists at the time of this removal.  *Lincoln Prop. Co. v. Roche*, 546 U.S. 81, 89 (2005).

7. Although Republic disputes the merits of EISG's entitlement to any relief, EISG has asserted it has the authority to seek foreclosure of the constitutional lien it claims to possess because it is allegedly owed $404,948.42 for labor or materials it furnished to the property at issue.  The amount in controversy thus exceeds the $75,000 threshold for the purpose of establishing diversity jurisdiction over this dispute.  28 U.S.C. §§ 1332(a) and 1446(c)(2).

8. Because the parties are completely diverse and the amount in controversy exceeds $75,000, this Court has original jurisdiction over this dispute pursuant to 28 U.S.C. Section 1332(a).  The state court action is therefore properly removable pursuant to 28 U.S.C. Section 1441.

9. Upon filing this Notice of Removal, Republic will provide prompt, written notice thereof to EISG and will file a copy of the Notice with the clerk of the 70th Judicial District Court of Ector County, Texas in order to effect the removal. 28 U.S.C. § 1446(d).

## CONCLUSION AND PRAYER

For the reasons set forth herein, Republic respectfully requests that this Court issue the orders necessary to cause removal of this case from the 70th Judicial District Court of Ector County, Texas to this Court and make all other and further orders as may be appropriate.

Dated: February 25, 2022

Respectfully Submitted,

**BECK REDDEN LLP**

By: */s/ Troy Ford*
Troy Ford - *Attorney in Charge*
State Bar No. 24032181
Federal Bar No. 30253
tford@beckredden.com
Amy Parker Beeson – *of Counsel*
State Bar No. 24051156
Federal Bar No. 626178
abeeson@beckredden.com
1221 McKinney Street, Suite 4500
Houston, Texas 77010-2010
Telephone: (713) 951-3700
Facsimile: (713) 951-3720

**ATTORNEYS FOR RESPONDENT, REPUBLIC SERVICES, INC.**

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing instrument was served on all counsel of record in a manner authorized by Federal Rule of Civil Procedure 5(b)(1) on February 25, 2022.

*/s/ Troy Ford*
Troy Ford